IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SARAH LOCKE,

      Plaintiff,

v.                                         CASE NO.  4:07cv252-RH/WCS

SHERRIE D. TAYLOR, etc.,

      Defendant.

_____/

**ORDER DENYING SUMMARY JUDGMENT ON STANDING**

      This is an action alleging racial discrimination in violation of the United States Constitution and alleging defamation and other state torts, all related to a public housing development in Quincy, Florida.  The plaintiff is Sarah Locke, the housing development's general manager.  The defendant is Sherrie D. Taylor, the city's mayor, in her official and individual capacities.

      Ms. Locke alleges that the mayor has engaged in a variety of misconduct, including instructing city police not to respond to Ms. Locke's trespass calls, defaming Ms. Locke in comments to the local newspaper, and tortiously interfering with Ms. Locke's relationship with her employer.  Ms. Locke asserts that the

reason the mayor told police not to respond to Ms. Locke's calls is that Ms. Locke is white.

The mayor has filed two summary judgment motions. In both, the mayor asserts that Ms. Locke lacks standing to pursue her claims. In the second motion—which was filed one day after the deadline—the mayor also asserts other grounds. This order resolves the standing issue, grants leave to file the second motion one day late, and sets the remaining issues for hearing.[1]

A person whose requests for public services—including police protection—are denied because of the person's race has standing to seek redress under 42 U.S.C. § 1983. And a person who is defamed, or who suffers tortious interference with her own employment relationship, has standing to seek relief, including an award of damages, as a result. The issue is not close.

To be sure, Ms. Locke suffered these things (if she did at all) because of her position as general manager of the housing development. Ms. Locke is not the owner of the development. The owner has not sued. But any person—even a public employee—may call for police services, and the person has a right not to have the call ignored because of the person's race. Any person—even a public

---

[1] Because of the need for an immediate ruling on the timeliness issue, this order has been entered without awaiting a response on that issue by Ms. Locke. If Ms. Locke files an emergency motion for reconsideration, the issue will be reconsidered *de novo*. This order will remain in effect unless and until reconsidered on such a motion.

employee—has a right not to be defamed.  Any person—even a public employee—has a right not to have her business relationships tortiously interfered with.  When these rights are denied, the holder of the right has standing to sue.

Accordingly,

IT IS ORDERED:

Defendant's first motion for summary judgment (document 31) is DENIED.  Defendant's emergency motion (document 54) to extend the deadline for filing summary judgment motions is GRANTED.  Defendant's second motion for summary judgment (document 55) is deemed timely.  The second motion for summary judgment is DENIED to the extent based on standing and remains pending in all other respects.  The second motion for summary judgment will be heard at the pretrial conference.

SO ORDERED this 6th day of May, 2008.

s/Robert L. Hinkle
Chief United States District Judge